# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JORDAN R. COLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SPECTRA METAL SALES, INC. ) <br> d.b.a. SPECTRA GUTTER SYSTEMS, ) <br> JACOB STANDARD, individually, and ) <br> CHERIE HUNTER, individually, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action <br> No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Jordan R. Cole (hereinafter "Plaintiff" or "Ms. Cole"), by and through counsel, files this Complaint for Damages and Equitable Relief against Defendant Spectra Metal Sales, Inc. d.b.a. Spectra Gutter Systems ("Defendant Spectra"), Jacob Standard, individually ("Defendant Standard"), and Cherie Hunter, individually ("Defendant Hunter"), (collectively, "Defendants"), alleging as follows:

## INTRODUCTION

1. This is a case of sexual harassment and sex discrimination.

1

2. Defendant Spectra's Warehouse Manager Jacob Standard has a pattern and practice of sexually harassing female employees.

3. Throughout his tenure as Warehouse Manager, he subjected Plaintiff to repeated lewd, sexual comments and unwanted sexual advances.

4. Defendant Spectra and Defendant Hunter failed to take any action to address Defendant Standard's conduct and, therefore, are liable to Plaintiff under various claims outlined below.

5. Plaintiff asserts claims for sex discrimination in violation of the Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq*. ("Title VII").

6. Plaintiff asserts supplemental state law claims including negligent hiring, retention, and supervision.

7. Plaintiff seeks back pay and the lost economic benefits of employment, reinstatement, or front pay in lieu thereof, compensatory damages, punitive damages against Defendants as well as reasonable attorneys' fees and costs of litigation, and all other relief this Court may deem just.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission and received her respective notice of right to sue within the last ninety days. *See* Ex. 1.

9. Plaintiff complied with all other conditions precedent to the institution of this lawsuit.

## JURISDICTION AND VENUE

10. Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

11. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

12. Venue is proper under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

13. At all relevant times, Plaintiff was an "employee" of Defendant Spectra within the meaning of Title VII, 42 U.S.C. §2000e(f).

14. Defendant Spectra is a corporation located and incorporated in the state of Georgia and is subject to the jurisdiction and venue of this Court.

15. Defendant Spectra's warehouse and the primary location of the events and omissions giving rise to Plaintiff's claims is in this District and Division.

16. Defendant Spectra may be served with a copy of this Complaint and process through its registered agent: National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, GA, 30046-4805.

17. At all times relevant to this action, Defendant Spectra was Plaintiff's "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

18. Defendant Standard is Defendant Spectra's Warehouse Manager. He is sued in his individual capacity.

19. Defendant Standard is subject to the jurisdiction of this Court and may be served with process by personal service or leaving copies of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing there, or by delivering a copy of the summons and complaint to an agent authorized to receive service of process.

20. Defendant Hunter is a management employee of Defendant Spectra or, in the alternative, an employee of Defendant Spectra with supervisory duties. She is sued in her individual capacity.

21. Defendant Hunter is subject to the jurisdiction of this Court and may be served with process by personal service or leaving copies of the summons and

complaint at her dwelling house or usual place of abode with some person of suitable age and discretion residing there, or by delivering a copy of the summons and complaint to an agent authorized to receive service of process.

## Factual Background

### *Defendant Jacob Standard*

22. While employed with Defendant Spectra, Defendant Standard began subjecting Plaintiff to severe and pervasive sexual harassment and sex discrimination as outlined below.

### *Plaintiff Jordan R. Cole*

23. Jordan Cole began her employment with the Defendant Spectra as a branch administrator on or about December 1, 2020.

24. During her employment with Defendant Spectra, Plaintiff worked hard for Defendant Spectra and its customers oftentimes receiving accolades from Defendant Spectra's customers.

25. Beginning in December 2020 through the end of her employment in May 2021, Defendant Standard subjected Ms. Cole to a sexually hostile working environment and disparate treatment because of her gender.

26. On December 29, 2020, Defendant Standard asked Ms. Cole via text message: "Are you gonna send me a gym locker room nude selfie?"



27. Ms. Cole responded in the negative to Defendant Standard's request; however, he continued to text her lude and sexually explicit comments.

28. On March 31, 2020, Defendant Standard texted Ms. Cole: "Let me get your eager beaver." Defendant Standard proceeded to explain to Ms. Cole that his use of the term "beaver" referred to Ms. Cole's genitals.

29. On or about April 2, 2021, Defendant Standard texted Ms. Cole: "Let me grab your pussy."

30. On or about April 2, 2021, Defendant Standard texted Ms. Cole "I can't wait to fill you with cum".

31. Ms. Cole responded in the negative to all of Defendant Standard's requests.

32. Defendant Standard nonetheless continued to harass Ms. Cole.

33. Defendant Standard propositioned Ms. Cole to have sex with him on multiple occasions through her employment.

34. Defendant Standard began retaliating against her for rejecting his advances.

35. Upon information and belief, Defendant Hunter is Defendant Standard's supervisor or has a supervisory in Defendant's human resource department.

36. Ms. Cole reported these incidents and the harassment of Defendant Standard to Defendant Hunter.

37. After reporting Defendant Standard's harassment to Defendant Hunter, Ms. Cole was terminated for the pretextual reason of alleged insubordination on May 28, 2021.

### *Defendant Spectra's Knowledge Regarding Defendant Standard's History of Sexual Harassment*

38. Pursuant to Defendant Spectra's sexual harassment policy, she reported the sexual harassment that she was subjected to by Defendant Standard to Defendant Hunter and another of Defendant Spectra's management employee.

39. Despite Ms. Cole's reports of sexual harassment, neither Defendant Hunter nor any other employee of Defendant Spectra took any action to remedy the sexual harassment.

40. Defendant Spectra's management knew or should have known of Defendant Standard's propensity for engaging in inappropriate conduct with females, including female employees of Defendant Spectra.

41. After Defendant Hunter became aware of Ms. Cole's complaint of sexual harassment, she refused to discipline or place Defendant Standard on leave.

42. Despite all that occurred, Defendant Standard was never disciplined for his sexual harassment of Ms. Cole.

## COUNT I
## DISPARATE TREATMENT ON THE BASIS OF SEX
## IN VIOLATION OF TITLE VII

43. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

44. Plaintiff was subjected to disparate treatment based on her sex by Defendant Standard, for which Defendant Spectra is liable as Defendant Standard's employer.

45. Defendant Spectra subjected Plaintiff to disparate treatment when it, inter alia, subjected her to a sexually hostile environment and discriminatory sex-based comments.

46. The above-pled actions of Defendant Spectra constitute sex discrimination in violation of Title VII.

47. Plaintiff's sex was a motivating factor in Defendant Spectra's decisions to take the above-pled discriminatory actions, even if her sex was not the only factor that motivated those decisions.

48. The actions of Defendant Spectra in subjecting Plaintiff to disparate treatment were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of her federally protected rights.

49. As a direct and proximate result of Defendant Spectra's violations of Title VII, Plaintiff has suffered damages, including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

50. As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover lost wages and economic benefits of her employment, compensatory damages for emotional distress, front pay, and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

## COUNT II
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

51. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

52. Plaintiff was subjected to a hostile work environment by Defendant Standard, for which Defendant Spectra is liable as Defendant Standard's employer.

53. As outlined above, Plaintiff was subjected to severe and pervasive sexual comments and sexual advances by Defendant Standard.

54. On several occasions and during her employment with Defendant Spectra, Plaintiff reported Defendant Standard's inappropriate conduct as outlined above to Defendant Spectra and Defendant Hunter.

55. At all times relevant to this action, Defendant Spectra and Defendant

Hunter knew or should have known of Defendant Standard's sexual harassment of Plaintiff and the existence of a sexually hostile work environment but failed to take remedial action to prevent or correct the harassment or protect Plaintiff.

56. Defendant Spectra failed to exercise reasonable care to prevent and promptly correct the harassing behavior after Plaintiff reported Defendant Standard's harassment.

57. After Defendant Spectra and Defendant Hunter became aware of Plaintiff's complaints, neither Defendant Spectra nor Defendant Hunter disciplined or counseled Defendant Standard about his conduct towards Plaintiff.

58. Defendant Spectra willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

59. As a result of Defendant Spectra's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, humiliation, and other indignities.

60. As a result of Defendant Spectra's violations of Title VII, Plaintiff is entitled to recover any lost economic benefits of her employment, compensatory and punitive damages, and reasonable attorneys' fees and costs, as well as equitable and injunctive relief.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

61. Plaintiff realleges and incorporates by reference the preceding

paragraphs of the Complaint as if they were set forth fully herein.

62. As outlined above, Plaintiff was subjected to severe and pervasive sexual comments and sexual advances by Defendant Standard.

63. Following the sexual harassment and discrimination by Defendant Standard, Plaintiff complained to Defendant Spectra and Defendant Hunter regarding the sexual harassment and discrimination.

64. After Defendant Spectra and Defendant Hunter became aware of Plaintiff's complaints, neither Defendant Spectra nor Defendant Hunter disciplined or counseled Defendant Standard about his conduct towards Plaintiff.

65. Directly due to Plaintiff engaging in the protected activity of complaining to Defendant Spectra and Defendant Hunter, Plaintiff was terminated by Defendant Spectra.

66. Plaintiff's termination was in retaliation for Plaintiff engaging in the protected activity of complaining of sexual harassment and discrimination.

67. Due to Defendants' retaliation against Plaintiff, Plaintiff's rights were violated, because of which she suffered mental anguish, damage to her reputation, and economic damages.

68. Defendant Spectra willfully and wantonly disregarded Plaintiff's rights, and its retaliation against Plaintiff was undertaken in bad faith.

69. As a result of Defendant Spectra's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, humiliation, and other indignities.

70. As a result of Defendant Spectra's violations of Title VII, Plaintiff is entitled to recover any lost economic benefits of her employment, compensatory and punitive damages, and reasonable attorneys' fees and costs, as well as equitable and injunctive relief.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

72. Defendant Standard intentionally, maliciously, wantonly and in gross and reckless disregard for Plaintiff's health and safety, engaged in extreme and outrageous conduct when he subjected Plaintiff to embarrassment, humiliation, degradation, and ridicule by sexually harassing her, thereby causing Plaintiff to suffer extreme emotional distress, mental anguish, humiliation, and other indignities.

73. Defendant Standard's conduct toward Plaintiff was objectively malicious, wanton, and wholly incompatible with the standards of society.

74. Based on its actual and constructive knowledge of Defendant Standard's sexual harassment and his history and propensity for same, Defendant Spectra condoned, adopted, and ratified Defendant Standard's conduct, making it

13

liable for Defendant Standard's intentional infliction of emotional distress upon Plaintiff.

75. As a result of Defendant Spectra and Defendant Standard's unlawful actions, Plaintiff suffered emotional distress, inconvenience, humiliation, and other indignities.

## COUNT V
## NEGLIGENT RETENTION AND/OR NEGLIGENT SUPERVISION

76. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

77. Throughout Plaintiff's employment, Defendant Standard regularly and repeatedly subjected Plaintiff to sexual advances, sexual innuendos, and other forms of sexual harassment.

78. Defendant Spectra was aware of Defendant Standard's sexual harassment of Plaintiff; yet Defendant Spectra continued to require Plaintiff to report to, and interact with, Defendant Standard, and did not discipline Defendant Standard for his unlawful conduct.

79. Defendant Standard's continual sexual harassment of Plaintiff created an intimidating, hostile, and offensive working environment for them.

80. Defendant Spectra failed to take any remedial action toward Defendant Standard, even after Plaintiff complained of Defendant Standard's sexual

harassment.

81.    Defendant Standard continuously harassed Plaintiff until she was terminated.

82.    Moreover, Defendant Spectra took no steps to correct the sexually harassing work environment that existed.

83.    The sexually harassing work environment includes, but is not limited to, inappropriate comments and sexual advances by Defendant Standard.

84.    Defendant Spectra continues to employ Defendant Standard when it actually knows, constructively knew, or in the exercise of reasonable care should have known, of Defendant Standard's prior history of, reputation, and propensity for, sexual harassment directed toward Plaintiff and/or other employees.

85.    Notwithstanding Defendant Spectra's actual and constructive knowledge of Defendant Standard's prior history of, reputation, and propensity for, sexual harassment, Defendant Spectra negligently supervised Defendant Standard, failed to intercede on Plaintiff's behalf, and negligently retained Defendant Standard, thereby ratifying, condoning, and adopting his conduct, making Defendant Spectra liable for the negligent supervision and retention of Defendant Standard.

## COUNT VI
## BREACH OF LEGAL DUTY UNDER O.C.G.A. § 51-1-6

86.    Plaintiff realleges and incorporates by reference the preceding

paragraphs of the Complaint as if they were set forth fully herein.

87. Defendants' action and omissions stated in this Complaint violate public and private duties guaranteed to Plaintiff under O.C.G.A. § 51-1-6.

88. In addition to violating their duties to Plaintiff, Defendants committed intentional torts upon Plaintiff.

89. All of the acts and omissions complained of in this lawsuit are such acts or omissions as those contemplated by O.C.G.A. § 51-1-6 to be tortious acts against Plaintiff.

## COUNT VII
## PUNITIVE DAMAGES UNDER O.C.G.A. § 51-12-5.1

90. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

91. All of Defendants' unlawful conduct set forth herein was intentional, willful, malicious, and conducted with the deliberate intent to harm Plaintiff, or was done with reckless disregard for Plaintiff and her rights.

92. Accordingly, Defendants are liable to Plaintiff for punitive damages.

## COUNT VIII
## ATTORNEYS' FEES AND COSTS UNDER O.C.G.A. § 13-6-11

93. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

94. By their actions described above, and by their stubborn litigiousness prior to and during this lawsuit, Defendants acted in bad faith, were stubbornly litigious, and put Plaintiff through unnecessary trouble and expense.

95. Thus, under O.C.G.A. § 13-6-11, Plaintiff is entitled to recover her attorneys' fees and expenses incurred in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A. That this Court take jurisdiction of this matter;

B. That process be served;

C. That Plaintiff be awarded a declaratory judgment that Defendants violated Title VII and Georgia law, as described above;

D. That this Court enter a permanent injunction, prohibiting Defendants from engaging in unlawful employment practices, including unlawful sex discrimination, sexual harassment, and negligent retention;

E. That this Court award Plaintiff her full back pay and reinstatement or front pay in lieu thereof, in an amount to be determined at the trial of this case;

F. Prejudgment interest and post-judgment interest;

G. That this Court award compensatory damages in an amount to be determined by the trier of fact;

H. That this Court award punitive damages for Defendants' willful violations of the law;

I. That this Court award punitive damages against Defendant Standard in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant Standard for his conduct toward Plaintiff and deter him from similar conduct in the future;

J. That this Court award punitive damages against Defendant Hunter in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant Hunter for her conduct toward Plaintiff and deter her from similar conduct in the future;

K. That this Court award Plaintiff her costs in this action and reasonable attorneys' fees pursuant to O.C.G.A. § 13-6-11, and other applicable laws;

L. That this Court grant Plaintiff the right to have a trial by jury on all issues triable to a jury; and

M. That this Court grant such additional relief as this Court deems proper and just.

Respectfully submitted this December 15, 2021.

                                                  **HALL & LAMPROS, LLP**

                                                  */s/Andrew Lampros*
                                                  Andrew Lampros
                                                  Georgia Bar No. 432328
                                                  Gordon Van Remmen
                                                  Georgia Bar No. 215512

400 Galleria Pkwy SE, Suite 1150
Atlanta, GA 30339
Telephone: (404) 876-8100
Facsimile: (404) 876-3477
alampros@hallandlampros.com
gordon@hallandlampros.com

*Counsel for Plaintiff*


Counsel for Plaintiff certifies that this Complaint is in 14-point Times New Roman Font in compliance with the Local Rules of the Northern District of Georgia.